66 F.3d 336
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Raymond C. STOKES, Plaintiff-Appellant,
v.
John KIETHLY; McGuire; Gleason; Jurgenson; Klein;
Taylor; C.E. Noonan; Ford; Nacarato; Swartz;
Jensen; MacDonald; Frazier; Zabor;
Wood; and Becker, Defendants-Appellees.
 No. 94-35817.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 5, 1995.*
Decided Sept. 14, 1995.
Order Amending Memorandum and Denying Rehearing and
Suggestion for Rehearing En Banc Nov. 1, 1995.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Raymond C. Stokes, a Washington state prisoner, appeals pro se the district court's judgment for defendants, following a jury trial, on his excessive force claim. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.[1]
 
 A. Limitation on Testimony
 
 3
 Stokes contends that the magistrate judge erred by limiting the testimony he was able to present at trial.[2] This contention lacks merit.
 
 
 4
 The magistrate judge may limit the number of witnesses for "considerations of undue delay, waste of time, or needless presentation of cumulative evidence." See Fed.R.Evid. 403; Jauregui v. City of Glendale, 852 F.2d 1128, 1132-33 (9th Cir.1988). The magistrate judge may enter a pretrial order to facilitate the efficient and orderly presentation of the trial. See Fed.R.Civ.P. 16; United States v. First National Bank of Circle, 652 F.2d 882, 886 (9th Cir.1981).
 
 
 5
 Here, Stokes submitted a status report which listed several inmates he might call as witnesses. The pretrial order, however, indicated that Stokes would only be permitted to call John Adams as a witness. The magistrate judge did not abuse his discretion by limiting Stokes's witnesses. See Fed.R.Evid. 403; Jauregui, 852 F.2d at 1132-33.
 
 
 6
 On the first day of the trial, Adams expressed his reluctance to testify. Although Stokes stated his concern about how the lack of Adams's testimony would affect his case, he neither called Adams as a witness nor did he attempt to amend the pretrial order. The magistrate judge did not abuse his discretion by enforcing the original terms of the pretrial order. See Fed.R.Civ.P. 16; First National, 652 F.2d at 886-87.
 
 
 7
 Stokes attempted, however, to have the affidavits of two of the other inmates who had witnessed the incidents in question, but who had not been included as witnesses in the pretrial order, read into evidence. By failing to object to the magistrate judge's ruling excluding the affidavits, Stokes failed to preserve the issue for appeal. See United States v. Bomez-Norena, 908 F.2d 497, 500 (9th Cir.), cert. denied, 498 U.S. 947 (1990).[3]
 
 B. Jury Composition
 
 8
 Stokes contends that he was denied a fair trial because several venire members had relatives or friends who were or had been law enforcement officials. This contention lacks merit.
 
 
 9
 Because employment in law enforcement is insufficient to demonstrate bias, the magistrate judge did not err by denying Stokes's challenges for cause concerning these venire members' bias. See Tinsley v. Borg, 895 F.2d 520, 525, 529 (9th Cir.1990) (stating that "special deference" given to trial judge's assessment of potential bias; "We will not presume bias merely because a juror works in law enforcement...."), cert. denied, 498 U.S. 1091 (1991).
 
 C. Jury Question During Deliberations
 
 10
 Stokes contends that he was denied a fair trial because the jury considered extrinsic evidence during their deliberations. This contention lacks merit.
 
 
 11
 During their deliberations, the jury sent a note to the magistrate judge asking for the answer to two factual questions. The magistrate judge notified the parties that the jury had submitted these questions and the parties agreed to answer them. Because Stokes failed to object to answering the jury's questions, he failed to preserve the issue for appeal. See United States v. Bomez-Norena, 908 F.2d 497, 500 (9th Cir.), cert. denied, 498 U.S. 947 (1990).
 
 D. Appointment of Counsel
 
 12
 Stokes contends that the magistrate judge erred by denying his motions for appointment of counsel. This contention lacks merit.
 
 
 13
 Stokes demonstrated his ability to understand and articulate the legal and factual issues of his case in both written and oral form. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991) (holding that litigant's knowledge and ability is relevant to appointment of counsel). Moreover, Stokes did not demonstrate that the complexity of the issues or his likelihood of success on the merits were "exceptional." Id. Accordingly, the magistrate judge did not abuse his discretion in denying Stokes's motion to appoint counsel. See id. (holding that "exceptional circumstances" must exist to appoint counsel in a civil case and that court should look to complexity of issues and likelihood of success on the merits).
 
 AFFIRMED.[4]
 
 14
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 ORDER
 
 15
 Nov. 1, 1995.
 
 
 16
 The memorandum disposition filed September 14, 1995, is amended.
 
 
 17
 In all other respects, the petition for rehearing is denied.
 
 
 18
 The full court has been advised of the suggestion for rehearing en banc and no active judge has requested a vote on whether to rehear the matter en banc. See Fed.R.App.P. 35.
 
 
 19
 The petition for rehearing is denied and the suggestion for rehearing en banc is rejected.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On June 12, 1995, Stokes filed a motion for relief seeking sanctions against defendants with respect to the delay he had experienced in obtaining trial transcripts. We have subsequently received and reviewed the trial transcripts which Stokes requested. Because Stokes has not been prejudiced by this delay in providing the transcripts and has not established that defendants had any responsibility for the failure to produce the transcripts in a timely fashion, we deny the motion
 
 
 [2]
 The parties consented to having their case tried before a magistrate judge. See 28 U.S.C. Sec. 636(c)(1)
 
 
 [3]
 In addition, because Stokes did not demonstrate that these witnesses were unavailable within the meaning of Rule 804, the magistrate judge properly excluded the affidavits as hearsay. See Fed.R.Evid. 801(c) and 804(a); cf. Mutuelles Unies v. Kroll & Linstrom, 957 F.2d 707, 713 (9th Cir.1992) (discussing admissability of affidavits under Fed.R.Evid. 804)
 
 
 [4]
 We decline to review Stokes's vague and general allegations concerning the magistrate judge's bias as well as the allegations raised for the first time in Stokes's reply brief. See International Union of Bricklayers & Allied Craftsmen Local Union No. 20 v. Martin Jaska, Inc., 752 F.2d 1401, 1404 (9th Cir.1985) ("[W]e will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief.") (citation omitted); Thompson v. Commissioner, 631 F.2d 642, 649 (9th Cir.1980) ("The general rule is that appellants cannot raise a new issue for the first time in their reply briefs.") (citation omitted), cert. denied, 452 U.S. 961 (1981)